# IN THE UNITED STATES DISTRICT COURT FOR
# THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DALE E. HARPER, )<br>)<br>  Plaintiff, )<br>vs. )<br>)<br>JAMES RUDEK, ET AL., )<br>)<br>  Defendants. ) | Case No. CIV-11-995-HE |

## ORDER

Plaintiff Dale Harper, a state prisoner appearing *pro se*, filed this civil rights action under 42 U.S.C. § 1983 alleging defendants have violated several of his constitutional rights during his incarceration.[1] Mr. Harper's complaint identifies seven counts or claims for relief. Consistent with 28 U.S.C. § 636(b)(1), the matter was referred to Magistrate Judge Gary M. Purcell for initial proceedings. Judge Purcell recommended that all seven counts be dismissed with prejudice and the dismissal count as a "strike" under 28 U.S.C. § 1915(g). Report and Recommendation [Doc. #37]. Plaintiff has filed an objection; therefore, the court makes a *de novo* determination of the portions of the Report and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1). The court concludes five of plaintiff's seven claims should be dismissed for failure to state a claim and that amendment would be futile. However, plaintiff has stated a claim for deliberate indifference against defendant Hernandez and that claim is not clearly or obviously "frivolous or malicious." Additionally, he is

---

[1] *Mr. Harper filed, contemporaneously with this action, another lawsuit alleging several defendants violated his constitutional rights in circumstances related to his arrest and prosecution. Harper v. Woodward County Bd. of County Comm'rs, No. CIV-11-996-HE.*

granted leave to substitute "John Doe" for defendant Margaret Bradford in order to discover the identity of the orderly referenced in count seven.

## I. Plaintiff's Claims

In count one, plaintiff alleges certain Oklahoma Department of Corrections personnel refused to meaningfully respond to his prison grievances. Second, he alleges two employees at Oklahoma State Reformatory ("OSR") assisted, or at least allowed, inmates to beat the plaintiff and steal his property. For counts three and four, plaintiff asserts certain defendants failed to secure his property while he was in court and allowed inmates or guards to steal it.[2] Next, he alleges the law librarians denied him access to legal research materials. Finally, plaintiff asserts that he was choked and punched by an orderly during a mental competency exam. He contends his First, Fifth, Eighth, and Fourteenth Amendment rights were violated.

Magistrate Judge Purcell recommended that counts one and three through seven be dismissed for failure to state a claim pursuant to 28 U.S.C §§ 1915(e)(2)(B), 1915A(b)(1).[3] He also recommended that count two be dismissed as frivolous or malicious under the same sections.

---

[2]*In his objection, defendant admits his fifth count, which alleged defendants replaced his stolen property with smashed contraband, is not itself actionable. See Doc. #45, p.18.*

[3]*Section 1915(e)(2)(B) requires the court to dismiss the complaint of a litigant who is proceeding in forma pauperis if the complaint fails to state a claim, is frivolous or malicious, or seeks monetary relief from a defendant who is immune from suit for money damages. Section 1915A requires the court to review a prisoner's claims against the government or a government employee at the beginning of the suit to determine whether a cognizable claim has been stated and, if not, to dismiss some or all of the complaint. These sections were amended and created, respectively, by the Prison Litigation Reform Act.*

## II. Discussion

Dismissal of a *pro se* complaint for failure to state a claim is warranted only when it is obvious the plaintiff cannot prevail on the facts alleged and amendment would be futile. Kay v. Bemis, 500 F.3d 1214, 1217 (10th Cir. 2007). Additionally, a *pro se* plaintiff's allegations are construed liberally. *Id.* at 1218. When evaluating whether a complaint states a claim under the Prison Litigation Reform Act ("PLRA"), the court utilizes the same standard as it does when presented with a 12(b)(6) motion. *Id.* at 1217. Thus, all well-pleaded factual allegations in the complaint are accepted as true and those allegations, and any reasonable inferences that might be drawn from them, are construed in the light most favorable to the plaintiff. Peterson v. Grisham, 594 F.3d 723, 727 (10th Cir. 2010). The question is whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In order to dismiss a prisoner's or *in forma pauperis* litigant's complaint as frivolous, the court must find that the complaint "lacks an arguable basis either in law or in fact." *See* Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by PLRA on other grounds). A claim lacks an arguable basis in law when the claim is premised on an "indisputably meritless legal theory" and amendment would be futile. Milligan v. Archuleta, 659 F.3d 1294, 1296 (10th Cir. 2011). Factual allegations are frivolous only if "clearly baseless"; that is, the allegations are fanciful, fantastic, or delusional. *See* Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (superseded by PLRA on other grounds). If the allegations are not clearly baseless, then the court must accept those allegations as true when determining whether to

dismiss the complaint.

A complaint may be dismissed as malicious when the circumstances indicate the purpose of the lawsuit is to harass the defendants or abuse the judicial process. *See, e.g.,* Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993) (holding that a duplicative lawsuit premised on the same allegations as another pending lawsuit was malicious); Jordan v. City of Miami, Dep't of Polic, 720 F. Supp. 1543, 1544 (S.D. Fla. 1989) (dismissing a complaint as malicious when it was clear the complaint was motivated by racial animus).

**A. Access to the Courts**

Plaintiff alleges that defendants' refusal to meaningfully respond to his grievance procedures (count one), negligent loss of legal research (counts three and four), and denial of access to particular legal materials (count six) violated his fundamental right of access to the courts. The complaint does not make out a constitutional violation because there is no allegation suggesting the defendants hindered plaintiff's efforts to pursue a valid legal claim. *See* Lewis v. Casey, 518 U.S. 343, 351 (1996). The constitution protects plaintiff's right to present alleged constitutional violations to the court, it does not guarantee him unfettered access to legal materials of his liking. Additionally, amendment would be futile here because plaintiff has been able to present his other constitutional claims in a meaningful way—and thus cannot state the requisite injury—and his proposed "supplemental pleading" [Doc. #46] does not cure this defect.[4]

---

[4]*Plaintiff has filed a motion for leave to amend his complaint [Doc. #43] and a supplemental pleading [Doc. #46]. The latter amends the claims asserted in his original*

**B. Deliberate Indifference**

The Eighth Amendment prohibition against cruel and unusual punishment is violated if a prison official knows of a substantial risk of serious harm to an inmate and fails to take reasonable steps to protect the inmate from such harm. *See* Farmer v. Brennan, 511 U.S. 825, 833-34 (1970). In order to prevail on a "deliberate indifference" claim, the plaintiff must prove first that the risk of harm was objectively serious enough to warrant constitutional protection, and second that the prison official had subjective knowledge of that risk. Howard v. Waide, 534 F.3d 1227, 1236 (10th Cir. 2008) (citing Farmer, 511 U.S. at 834, 837).

*1. OSR*

In count two, the plaintiff alleges defendant Hernandez, a prison guard at OSR, allowed three to five inmates to "redlight"[5] from another cell pod into plaintiff's cell pod "for the specific purpose of beating [plaintiff] down" in retaliation for plaintiff's refusal to deliver "packages" for Hernandez. Complaint at 4 [Doc. #1]. Taking these allegations as true, plaintiff has stated a deliberate indifference claim against Hernandez.[6]

To be sure, there is substantial reason to doubt whether plaintiff will be able to

---

*complaint and adds additional claims which occurred after this suit was filed. It was filed without leave of court and is therefore stricken. The court only considers it when determining whether granting plaintiff leave to amend would be futile.*

*[5]The court understands the term "redlight" in this context to refer to the practice of an inmate not authorized to enter a particular cell pod following another inmate into the cell pod from a common area while the door is open or unlocked.*

*[6]Plaintiff's allegation that defendant McGill failed to do anything about this when he reported it to her after the incident occurred is insufficient to state a deliberate indifference claim against her.*

5

establish any claim in this regard based on the scattergun nature of the allegations plaintiff has made here against other parties, the fact of defendant's previous court-ordered competency examination, the nature of other litigation he has pursued in this court,[7] and otherwise. However, while the question is close, the court concludes those circumstances fall short of establishing frivolous or malicious conduct. A claim is stated against defendant Hernandez sufficient to avoid dismissal base on preliminary screening under the PLRA.

## 2. Oklahoma Forensics Center

In count seven, plaintiff alleges an unnamed male orderly at the Oklahoma Forensics Center in Vinita, Oklahoma, choked him and punched him in the forehead on December 16, 2010, during a mental competency examination. Complaint at 7 [Doc. #1]. The only named defendant identified in the complaint with respect to this claim is the forensic center's executive director, Margaret Bradford. In his objection to the Report and Recommendation, plaintiff admits that Bradford cannot be vicariously liable under § 1983 for the orderly's actions but argues instead that he should be able to name Bradford as a defendant in order to conduct discovery and determine the identity of the orderly. Plaintiff relies on Satchell v. Dilworth for support. 745 F.2d 781, 786 (2d. Cir. 1984) (stating that supervisors could be properly named as defendants in § 1983 action "for purposes of conducting discovery aimed at identifying those of their subordinates who are personally responsible for the departmental

---

[7]*Plaintiff has filed multiple cases in this court (see CIV-10-849-He and CIV-11-973-HE, previously dismissed, the allegations of which appear to be substantially carried forward into CIV-11-996) asserting a variety of civil rights or similar claims against the district judge in his state criminal case, the district attorney, his own attorney, the Oklahoma Indigent Defense System, Woodward County, Oklahoma, and the sheriff of Woodward County, among others.*

actions complained of."). However, the better practice in this circumstance is to name a "John Doe" defendant and then amend the complaint after discovery has revealed the intended defendant's identity. Accordingly, plaintiff is granted leave to amend his complaint for the limited purpose of substituting "John Doe" for Margaret Bradford.

### III. Conclusion

Magistrate Judge Purcell's Report and Recommendation [Doc. #37] is **ADOPTED** in part. Plaintiff's complaint is dismissed with prejudice except to the extent it asserts deliberate indifference claims against Hernandez and John Doe (counts two and seven in the original complaint). Plaintiff is granted leave to amend his complaint in order to substitute John Doe, a male orderly at the Oklahoma Forensics Center, in place of Margaret Bradford. Plaintiff is cautioned that his amended complaint is to contain only allegations relating to his deliberate indifference claims against Hernandez and John Doe. Any additional claims will be stricken absent further permission from the court. This partial dismissal does not count as a "strike" under 28 U.S.C. § 1915(g).

There are several other motions pending before the court as well. Doc. Nos. 34, 41, 42, 44, & 48 are **STRICKEN** as **MOOT**. Plaintiff's motions for leave to amend his complaint [Doc. Nos. 43 and 50] are **GRANTED** for the limited purpose explained above. The supplemental pleading [Doc. #46] is **STRICKEN** because it was filed without leave of court. Doc. #49 is **DENIED** because there is no apparent basis for the court to afford plaintiff the relief he seeks.

This matter is re-referred to Magistrate Judge Purcell for further proceedings

consistent with this order.

**IT IS SO ORDERED**.

Dated this 30th day of January, 2012.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE