# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DALE E. HARPER, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. CIV-11-0995-HE |
| ) | |
| JAMES RUDEK, ET AL., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff Dale Harper, a state prisoner appearing *pro se*, filed this civil rights action under 42 U.S.C. § 1983, alleging multiple defendants violated several of his constitutional rights during his incarceration.  Consistent with 28 U.S.C. § 636(b)(1)(B), the matter was referred to Magistrate Judge Gary M. Purcell for initial proceedings.

At this stage of the litigation, only two claims remain.[1]  One is asserted against a John Doe defendant and the other is asserted under the Eighth Amendment against Robin Hernandez, a security officer guard at the Oklahoma State Reformatory where plaintiff previously was housed.  Defendant Hernandez has filed a motion to dismiss or, in the alternative, for summary judgment.[2]  Magistrate Judge Purcell has recommended that the motion be granted insofar as plaintiff's claim is asserted against defendant Hernandez in her official capacity and denied insofar as it is asserted against her in her individual capacity.

---

[1]*The court partially adopted a prior Report and Recommendation and dismissed five of plaintiff's seven claims.*

[2]*Because the parties relied on materials outside the pleadings, the magistrate judge treated the motion as one for summary judgment to the extent plaintiff's claim is against defendant Hernandez in her individual capacity.*

Defendant Hernandez objects to the Report and Recommendation. Plaintiff did not file an objection and thus waived his right to appellate review of the issues it addressed. United States v. One Parcel of Real Property, 73 F.3d 1057, 1059-60 (10th Cir. 1996); *see* 28 U.S.C. § 636(b)(1)(C).

The magistrate judge determinated that the Eleventh Amendment barred any claim for damages asserted by plaintiff against defendant Hernandez in her official capacity.[3] The court agrees and defendant's motion to dismiss will be granted as to any official capacity claim.

The magistrate judge also concluded that defendant Hernandez had neither negated an essential element of plaintiff's § 1983 claim nor shown that he lacked sufficient evidence to establish a constitutional violation at trial. The defendant claims the magistrate judge erred because he relied upon speculative declarations by the plaintiff which are not supported by other evidence. The court disagrees.

Plaintiff has provided more than "conclusory, speculative and unsupported" evidence of defendant Hernandez's involvement in the alleged beating that underlies plaintiff's claim. The fact that one of plaintiff's witness has a criminal record and declared that the altercation occurred on June 26, 2011, while plaintiff has submitted documentation indicating he was beaten on June 27, 28 or 29, does not warrant discounting the evidence altogether, although it may be a basis for impeachment.

---

[3]*Although plaintiff seeks injunctive relief in his Amended Complaint [Doc. #69], he appears to request only monetary relief from defendant Hernandez.*

Accordingly, the court agrees with the magistrate judge's analysis and adopts his Report and Recommendation. Defendant Hernandez's motion is **GRANTED in PART** and **DENIED in PART**. Plaintiff's Eighth Amendment official capacity claim against defendant Hernandez is **DISMISSED**. The defendant's motion is **DENIED** to the extent she seeks summary judgment on plaintiff's § 1983 claim to the extent it is asserted against her in her individual capacity.

**IT IS SO ORDERED**.

Dated this 30th day of November, 2012.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE