IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DALE E. HARPER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| | )  CIV-11-995-HE |
| v. | ) |
| | ) |
| JAMES RUDEK, Warden,[1] et al., | ) |
| | ) |
|     Defendants. | ) |

SECOND SUPPLEMENTAL REPORT AND RECOMMENDATION

On September 7, 2011, Plaintiff, a state prisoner who appears *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging numerous constitutional violations and naming as Defendants several state correctional officials and the Director of the Oklahoma Forensic Center, a division of the Oklahoma Department of Mental Health and Substance Abuse Services agency.[2] The matter was referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B).

---

[1] Although Defendant Rudek has previously been dismissed from the action, his name is included in the caption for the sake of continuity.

[2] Plaintiff is a prolific litigant in this Court. The Tenth Circuit Court of Appeals recently imposed two "strikes" against Plaintiff pursuant to 28 U.S.C. § 1915(g) for frivolous appeals. Harper v. Rudek, 487 Fed.Appx. 467 (10th Cir. 2012). Additional "strikes" under 28 U.S.C. §1915(g) were imposed against the Plaintiff in this Court in Harper v. Rudek, Case No. CIV-12-456-HE, and Harper v. Rudek, Case No. CIV-12-455-HE.

In a previous Order entered January 30, 2012, District Judge Heaton dismissed all but two of Plaintiff's claims asserted in the Complaint on the basis that the grounds failed to state a claim upon which relief may be granted and amendment would be futile. Judge Heaton found that Plaintiff had stated a claim of deliberate indifference to his safety needs against Defendants Hernandez, a correctional official at Oklahoma State Reformatory ("OSR"), asserted in count two of the Complaint , and a claim of excessive use of force against an unidentified "John Doe" orderly at the Oklahoma Forensic Center asserted in count seven of the Complaint. Order (Doc. # 53).

On March 21, 2012, Plaintiff filed an Amended Complaint naming Defendants Hernandez and "Unknown John Doe orderly" in the caption of the pleading.[3] (Doc. # 69). In his Amended Complaint, Plaintiff alleged a claim of deliberate indifference to his safety needs against Defendant Hernandez. With respect to Defendant "Unknown John Doe orderly," Plaintiff alleges that this Defendant used excessive force by maliciously and sadistically choking and punching Plaintiff when Plaintiff "was trying to get a grievance form to complain about my [personal property] being withheld, or lost . . . ." Amended Complaint, at 5. Plaintiff seeks monetary relief from the Defendants in his Amended Complaint.

Subsequently, Defendant Hernandez caused the filing of a special report consistent

---

[3]In the caption of the Amended Complaint, Plaintiff names only "c/o Hernandez" and "Unknown John Doe orderly" as Defendants. In the body of the Complaint, Plaintiff describes a third Defendant as "Unknown John Doe orderly # 2." Pursuant to Fed.R.Civ.P. 10(a), the caption of a complaint must name all the parties. Moreover, Plaintiff was granted leave to amend his Complaint "for the limited purpose of substituting 'John Doe' for Margaret Bradford." Order, Heaton, D.J. (Doc. # 53). Thus, Plaintiff's Amended Complaint has been construed to assert a cause of action only against Defendants Hernandez and "Unknown John Doe orderly."

with <u>Martinez v. Aaron</u>, 570 F.2d 317 (10th Cir. 1978), and the Court's Order. (Doc. # 104). Defendant Hernandez moved to dismiss or, alternatively, for summary judgment as to Plaintiff's remaining claim against her, and Plaintiff responded to the Motion. (Docs. # 109, 124). In a Supplemental Report and Recommendation, the undersigned recommended that Plaintiff's claim seeking relief against Defendant Hernandez in her official capacity be dismissed with prejudice and that Defendant Hernandez's Motion for Summary Judgment be denied to the extent Plaintiff seeks relief against Defendant Hernandez in her individual capacity. (Doc. # 127).

In an Order entered November 30, 2012, District Judge Heaton adopted the Supplemental Report and Recommendation, dismissed Plaintiff's Eighth Amendment official capacity claim against Defendant Hernandez, and denied Defendant Hernandez's Motion for Summary Judgment to the extent Defendant Hernandez sought summary judgment regarding Plaintiff's deliberate indifference claim asserted against her in her individual capacity. (Doc. # 158).

Following the entry of Judge Heaton's Order, a deadline of January 2, 2013, was established for the filing of dispositive motions. (Doc. # 159). On December 28, 2012, Plaintiff filed a Motion for Leave to File Motion for Summary Judgment. (TR 166). He attached to this Motion his Motion for Summary Judgment and a brief in support of the Motion. As it is unnecessary for Plaintiff to file a separate motion seeking leave to file a motion for summary judgment within the previously-established deadline, Plaintiff's

"Motion" (Doc. # 166) is construed as a Motion for Summary Judgment.[4]

Defendant Hernandez has responded to Plaintiff's Motion for Summary Judgment. (Doc. # 185). Plaintiff has also responded to the undersigned's Order directing Plaintiff to show cause for his failure to serve process upon Defendant "Unknown John Doe orderly" as required by Fed.R.Civ.P. 4(m).

I. Standard of Review - Motion for Summary Judgment

Summary judgment may be granted when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court reviews the evidence and inferences drawn from the record in the light most favorable to the nonmoving party. Burke v. Utah Transit Auth. & Local, 462 F.3d 1253, 1258 (10th Cir. 2006)(quotation omitted), cert. denied, 550 U.S. 933 (2007). A dispute is "genuine" if a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Material facts" are "facts which might affect the outcome of the suit under the governing law." Id. "At the summary judgment stage, a complainant cannot rest on mere allegations, but must set forth by affidavit or other evidence specific facts, which for purposes of the summary judgment motion will be taken to be true." Burke, 462 U.S. at 1258 (internal quotation marks and citations omitted). "Where the record taken as a whole could not lead

---

[4]Plaintiff filed a previous motion for summary judgment. (Docs. # 135, 136). Defendant Hernandez moved to strike the motion for noncompliance with federal and local civil procedural rules, and by Order entered November 21, 2012, this motion was stricken from the record for procedural deficiencies. (Doc. 157).

a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)(quotations omitted). On the other hand, "[s]ummary judgment is inappropriate if a rational factfinder could find in favor of the nonmoving party based on the evidence presented." Fowler v. United States, 647 F.3d 1232, 1237 (10th Cir. 2011).

II. Undisputed, Material Facts

Plaintiff asserts in his Motion for Summary Judgment that he is seeking judgment against Defendant Hernandez "due to her deliberate indifference to his personal safety." (Doc. # 166-1). Plaintiff has included a Statement of Undisputed Material Facts in his brief in support of the Motion. However, these statements contain both factual statements and factual and legal conclusions, and his factual and legal conclusions do not create a material issue of fact. See Bruner v. Baker, 506 F.3d 1021, 1025 (10th Cir. 2007)("Conclusory allegations . . . do not establish an issue of fact under Rule 56.")(quotations and citation omitted). Additionally, some of the statements are not related to or do not support the deliberate indifference claim Plaintiff has asserted against Defendant Hernandez.[5] The only "undisputed fact" relevant to Plaintiff's deliberate indifference claim against Defendant Hernandez and ostensibly with some support is:

---

[5] One statement purportedly signed by Mr. Alfonso Thomas on May 10, 2012, at the James Crabtree Correctional Center under penalty of perjury indicates that Plaintiff was "beat up" by "a group of white inmates" on June 26, 2011. This statement does not support Plaintiff's claim that he was assaulted by other inmates on June 27, 2011. Nor does the affidavit provide sufficient information from which to determine that it is "based upon personal knowledge and set[s] forth facts that would be admissible in evidence." Hall v. Bellmon, 935 F.2d 1106, 1111 (10th Cir. 1991). Thus, this affidavit does not provide competent Rule 56 evidence.

1) Plaintiff was physically assaulted by several other inmates at OSR on June 27, 2011.

2) The next day, June 28, 2011, Plaintiff initiated "separatees"[6] naming four OSR inmates.

The analysis of Plaintiff's Eighth Amendment claim requires the Court to determine whether Defendant Hernandez acted with deliberate indifference to Plaintiff's safety needs. Hope v. Pelzer, 536 U.S. 730, 737-738 (2002); Hudson v. McMilian, 503 U.S. 1, 8 (1992). "First, the deprivation alleged must be, objectively, 'sufficiently serious.'" Farmer v. Brennan, 511 U.S. 825, 834 (1994)(quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). "For a claim ... based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." Id.  Secondly, the prison official must have a "sufficiently culpable state of mind." Wilson, 501 U.S. at 297. "In prison-conditions cases that state of mind is one of 'deliberate indifference' to inmate health or safety." Farmer 511 U.S. at 834.

With his Motion for Summary Judgment, Plaintiff has attached a verified "Declaration" in which he states that Defendant Hernandez "allowed the 3 to 5 U.A.B.'s to enter the pod," "allowed the beating and robbery to take place," and "allowed these 3 to 5 U.A.B.'s to leave the pod." Declaration (Doc. # 166-1).  Defendant Hernandez has disputed Plaintiff's assertion that she allowed any offender to enter the housing pod that was not assigned to that pod, or that she unlocked any door to allow any offender to return from one

---

[6]Oklahoma Department of Corrections' policy, which is available on the internet for the public, provides that inmates may initiate a "separation from other offenders if he/she is fearful and needs to be separated for personal safety." OP-060106 (1)(D), "Special Offender Management System," http://www.doc.state.ok.us/Offtech/op060106.pdf.

pod to another pod on the housing unit. Thus, there is a genuine issue for trial concerning Plaintiff's Eighth Amendment claim against Defendant Hernandez, and Plaintiff's Motion for Summary Judgment should be denied.

III. <u>Failure to Serve Defendant "Unknown John Doe orderly"</u>

The Court's record reflects that two summonses were issued by this Court on April 19, 2012 (Doc. # 87) for "John Doe # 1" and "John Doe # 2," and the summonses were returned by the U.S. Marshal's Service on August 10, 2012, without evidence of execution as "expired after 120 days of issuance." (Doc. # 145). At issue, therefore, is the failure to serve Defendant "Unknown John Doe orderly." Giving consideration to this issue, the undersigned recommends dismissal of Defendant "Unknown John Doe orderly" without prejudice.

Although he appears *pro se*, Plaintiff is responsible for serving each named party with a summons and a copy of the Amended Complaint. <u>See</u> Fed. R. Civ. P. 4(c)(1); <u>see also</u> <u>DiCesare v. Stuart</u>, 12 F.3d 973, 980 (10th Cir. 1993)(stating that even though plaintiff appeared *pro se*, he was "obligated to follow the requirements" of Rule 4).

Rule 4(m) states, in relevant part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m).

On March 27, 2012, the undersigned informed Plaintiff of his duty to serve the Defendants, and that he had 120 days to accomplish this obligation pursuant to Fed. R. Civ. P. 4(m). By Order entered February 13, 2013, Plaintiff was notified that more than 120 days had elapsed since the filing of the action (and more than 120 days had elapsed since the filing of the Amended Complaint) and that the undersigned would recommend the dismissal of this action without prejudice as to Defendant "Unknown John Doe orderly" unless Plaintiff showed cause for his failure to serve this Defendant on or before March 5, 2013.

In an "Objection to Rule 4(m) Order" filed February 27, 2013, Plaintiff has responded to the show cause Order. In his responsive pleading, Plaintiff asserts that he has been unable to identify or serve Defendant "Unknown John Doe Orderly" with process. Plaintiff, however, does not indicate that he took any steps to identify or serve this Defendant. Plaintiff merely asks for an extension of time to serve Defendant "Unknown John Doe Orderly." Plaintiff also requests that he be allowed to amend his Amended Complaint to include TWO "John Doe" Defendants as well as the Director of the Oklahoma Forensics Center, although the Director of the Oklahoma Forensic Center was previously dismissed from the action.

In his responsive pleading Plaintiff does not explain his failure to effect timely service of process on the Defendant "Unknown John Doe orderly." Therefore, Plaintiff has not shown good cause for a mandatory extension of time to serve Defendant "Unknown John Doe orderly."

Notwithstanding the absence of a showing of good cause for the failure to timely serve Defendant "Unknown John Doe orderly," the Court must still consider whether a permissive extension of time to complete service of process is warranted. See Espinoza v. United States, 52 F.3d 838, 841 (10th Cir. 1995). Three factors are relevant to this inquiry: (1) the statute of limitations; (2) possible complications involving service on the United States; and (3) evasion of service. Id. at 842.

The first factor to consider is whether the statute of limitations would bar refiling of Plaintiff's claims against Defendant "Unknown John Doe orderly." In his Amended Complaint, Plaintiff alleges that he was transferred to the Oklahoma Forensic Center in Vinita, Oklahoma on December 16, 2010, for a competency evaluation. Amended Complaint, at 4. Plaintiff alleges that "[w]hile Plaintiff was at the Okla Forenscics [sic] Center in Vinita, Ok., he was choked and punched in the head by an unknown worker . . . . This was done because the plaintiff would not shut up about . . . his missing" personal property and "the complaint and attached documents in CIV 11-0849-HE." Amended Complaint, at 2. Plaintiff states that he and the unidentified orderly had been engaged in a heated confrontation immediately before the orderly "proceeded to choke and punch me while I laid on the floor . . . ." Amended Complaint, at 6.

The statute of limitations for purposes of § 1983 actions begins to run when the cause of action accrues according to federal law. Smith v. City of Enid ex rel. Enid City Comm'n, 149 F.3d 1151, 1154 (10th Cir. 1998). "A civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." Baker v. Board of

Regents, 991 F.2d 628, 632 (10th Cir. 1993). In a § 1983 action, the injury is the constitutional violation, and hence the § 1983 claim accrues "when the plaintiff knows or should know that his or her constitutional rights have been violated." Smith, 149 F.3d at 1154 (quotation omitted).

The statute of limitations governing Plaintiff's §1983 cause of action is two years. Meade v. Grubbs, 841 F.2d 1512, 1522 (10th Cir.1988) (statute of limitation for §1983 claims arising in Oklahoma is two years). Plaintiff's § 1983 action accrued on the date he became aware of his injury, which is the date of the alleged use of excessive force by the unidentified Defendant. Plaintiff does not assert when the alleged use of excessive force occurred, but according to the allegations in his Amended Complaint the alleged use of excessive force occurred sometime after December 16, 2010. Because more than two years has elapsed since this alleged incident occurred, if the cause of action against Defendant "Unknown John Doe orderly" is dismissed without prejudice for failure to effect service of process another cause of action based on the same allegations could possibly be barred by the applicable statute of limitations.

In the absence of clear Oklahoma authority to the contrary, Plaintiff's incarceration is not a circumstance that tolls the running of the limitations period under Oklahoma law. See Ames v. Oklahoma, 158 Fed.Appx. 114, 2005 WL 3307433 (10th Cir. 2005)(unpublished order)(there is no Oklahoma authority for equitable tolling of limitations period for incarceration); Miskovsky v. Gray, 109 Fed.Appx. 245, 2004 WL 1909462 (10th Cir. 2004)(unpublished order)(same); Dubuc v. Oklahoma, No. 02-7143, 2003 WL 21235490

(10th Cir. May 29, 2003)(unpublished order)(recognizing no tolling provision in Oklahoma applies to inmate's §1983 action), cert. denied, 540 U.S. 1054 (2003). See also State ex rel. Lane v. Seven Hundred Twenty Five Dollars ($725.00), 136 P.3d 1076, 1080 (Okla. Civ. App. 2006)(declining to extend "legal disability"provision of state law to prisoners to toll limitations periods). Thus, the two-year limitations period for filing another cause of action against Defendant "Unknown John Doe orderly" would not be extended under tolling principles.

This factor, however, does not alone support a finding of good cause for a failure to effect timely service of process. See May v. Okla. Dep't of Corrections, No. 99-6267, 2000 WL 633244 (10th Cir. May 17, 2000)(unpublished order)(citing Despain v. Salt Lake Area Metro Gang Unit, 13 F.3d 1436, 1439 (10th Cir.1994)). In the year and a half that the case has been pending in this Court, the record does not reflect that Plaintiff has taken any steps to identify and serve Defendant "Unknown John Doe orderly." Under these circumstances, a permissive extension of time to effect service of process upon Defendant "Unknown John Doe orderly" is not warranted.

The second factor to consider is whether Plaintiff has unsuccessfully attempted to serve the United States. See Espinoza, 52 F.3d at 842. Here, the service issue does not involve the United States.

Third, consideration must be given to whether Defendant "Unknown John Doe orderly" has avoided service. See Hendry v. Schneider, 116 F.3d 446, 449 n. 2 (10th Cir. 1997)("Evasion of service has been held to constitute 'good cause.'"). The record reflects

that this Defendant is an employee of a state mental health agency, and it is unlikely that he is even aware of the action. The record does not contain evidence creating any inference of evasion of service of process by this Defendant.

Because the 120-day time period for effecting service of process upon Defendant "Unknown John Doe orderly" pursuant to Fed.R.Civ.P. 4(m) has expired, and because Plaintiff has not shown good cause for his failure to effect timely service of process on this Defendant nor are there circumstances justifying a permissive extension of time to effect service of process on this Defendant, the cause of action should be dismissed without prejudice as to Defendant "Unknown John Doe orderly."

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's Motion for Summary Judgment (Doc. # 166) be DENIED and that Plaintiff's cause of action against Defendant "Unknown John Doe orderly" be DISMISSED without prejudice. Plaintiff's "Motion for Order to File Interrogatories" (Doc. # 191) and "Motion for Order for Forms" (Doc. # 192) are DENIED.

Plaintiff is advised of the right to file an objection to this Second Supplemental Report and Recommendation with the Clerk of this Court by ____ March 25th, 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Second Supplemental Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v.

Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

The parties were given a dispositive motion deadline of January 2, 2013, and Plaintiff filed a Motion for Summary Judgment on December 28, 2012. This Second Supplemental Report and Recommendation resolves the only pending dispositive motion. No party has requested an extension of time to file a dispositive motion, and the time for filing dispositive motions has expired.

Accordingly, it is recommended that the Enter Order referring this matter to the undersigned United States Magistrate Judge (Doc. # 4) be vacated and the matter be scheduled for status conference.

This Second Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge.

ENTERED this   4th   day of     March    , 2013.

*[signature]*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE