IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

DALE E. HARPER,                )
                               )
           Plaintiff,          )
vs.                            )   Case No. CIV-11-995-HE
                               )
JAMES RUDEK, ET AL.,           )
                               )
           Defendants.         )

**ORDER**

Plaintiff Dale Harper, a state prisoner appearing *pro se*, filed this civil rights action under 42 U.S.C. § 1983, alleging defendants violated his constitutional rights during his incarceration. The matter was referred to Magistrate Judge Gary M. Purcell for initial proceedings, consistent with 28 U.S.C. § 636(b)(1)(B). After several Reports and Recommendations and orders, two claims remain – a claim for deliberate indifference to plaintiff's safety needs asserted against defendant Hernandez, a correctional official at the Oklahoma State Reformatory ("OSR"), in her individual capacity, and a claim of excessive use of force against an "Unknown John Doe orderly" at the Oklahoma Forensic Center ("OFC").

On March 4, 2013, the magistrate judge recommended that a motion for summary judgment filed by plaintiff be denied and that plaintiff's claim against the "Unknown John Doe orderly" be dismissed for failure to effect service of process within the 120 day period set by Fed.R.Civ.P. 4(m). Plaintiff has filed an objection to the Second Supplemental Report and Recommendation.

The magistrate judge concluded a material fact dispute precluded granting plaintiff's

summary judgment motion with respect to his claim against defendant Hernandez. As the defendant had disputed plaintiff's assertion that she allowed three to five offenders, whom he claims beat and robbed him, to enter and exit plaintiff's housing pod, the magistrate judge determined there is a genuine issue for trial concerning plaintiff's Eighth Amendment claim.

The magistrate judge also recommended dismissal of plaintiff's claim against the John Doe defendant because of lack of service. In his Report and Recommendation he states that on March 27, 2012, he informed plaintiff of his obligation to serve the defendants and the 120 time period within which to effect service. Two summonses were then issued on April 19, 2012 for "John Doe #1" and "John Doe #2," but they were returned unexecuted. *See* Doc. #145, filed on November 5, 2012. The magistrate judge then notified plaintiff by order dated February 13, 2013, that more than 120 days had passed since he filed his amended complaint and that he would recommend that his claim against the "Unknown John Doe orderly" be dismissed without prejudice unless plaintiff could show cause for his failure to serve the orderly. The magistrate judge states that plaintiff responded that he had been unable to identify or serve the John Doe defendant, but did not indicate any efforts that had been made to effect service. Instead, the magistrate judge states, plaintiff asked for an extension of time to serve the defendant and also asked that he be allowed to amend his complaint to add two other John Doe defendants as well as a party (the Director of the Oklahoma Forensics Center), who had been dismissed previously.

In his Report and Recommendation, the magistrate judge concluded that plaintiff had not shown the good cause required for a mandatory extension of time to effect service under

Rule 4(m). He then considered whether a permissive extension of time to complete service of process was warranted. Although plaintiff's claims against the orderly would probably be time-barred, the magistrate judge determined that plaintiff should not be afforded a permissive extension as the record did not reflect that he had taken any steps to identify and serve the "Unknown John Doe orderly" and there was no indication the defendant was evading service.

In his objection, plaintiff takes issue with the magistrate judge's characterization of his evidence supporting his claim against defendant Hernandez. However, the question is whether the magistrate judge correctly concluded that defendant Hernandez produced sufficient evidence to create a material fact dispute regarding the failure to protect claim asserted against her. While plaintiff contends that defendant Hernandez "has provided not 1 single shred of evidence to disprove the Plaintiffs allegations," objection, p. 3, he ignores her affidavit, which does controvert his proof that she violated his Eighth Amendment rights. *See* Doc. #104-7.

Plaintiff also challenges the magistrate judge's recommendation that his claim against the "Unknown John Doe orderly" be dismissed. He states that he "was not allowed a single defendant at OFC, from whom he could discover the names and addresses of John Doe #1, or John Doe #2) (OFC is not part of ODOC)." Objection, p. 5. Plaintiff is not, though, unfamiliar with the discovery rules.[1]  *See* Doc. #134, exhibits. He could have subpoenaed

---

[1]*While the court recognizes plaintiff is proceeding pro se, he is an experienced litigator. See Second Supplemental Report and Recommendation, p. 1 n.2.*

pertinent records from OFC, which would have disclosed the orderly's names, yet took no steps to try and identify the John Doe defendants.[2]

Having considered plaintiff's objection and having conducted a *de novo* review, the court adopts the magistrate judge's Report and Recommendation. Accordingly, plaintiff's motion for summary judgment [Doc. #166] is **denied** and plaintiff's claim against defendant "Unknown John Doe Orderly" is **dismissed without prejudice**. The referral to the magistrate judge is revoked and the case will proceed to trial on plaintiff's failure to protect claim against defendant Hernandez. The court will seek to appoint counsel to represent plaintiff. Discovery and the filing of motions by either party is **stayed** until counsel enters an appearance on behalf of plaintiff or further order of the court.

Plaintiff has also filed a motion for a discovery conference. Defendant responded that there are no pending discovery disputes as the matters were resolved by the magistrate judge's November 6, 2012, order resolving her motion for protective order [Doc. #151] and that, regardless, defendant did confer with plaintiff on April 3, 2013. Defendant represents that plaintiff confirmed during that conference that defendant had complied with the court's order and that, as he has not submitted any other discovery requests, there is no pending discovery dispute. Under these circumstances, plaintiff's motion [Doc. #197] is **denied** as being moot.

---

[2]*Plaintiff initially attempted to sue and serve two John Doe defendants, but, in his amended complaint, named only one John Doe defendant. See Second Supplemental Report and Recommendation, p. 2 n.3.*

In Doc. #198, plaintiff requests a copy of his original complaint, including the attachments filed in Case NO. CIV-10-849-HE. The court clerk is directed to provide plaintiff with a copy of Doc. #1 and its attachments.

Finally, plaintiff has filed a motion asking the court to consider additional evidence in support of his motion for summary judgment. The motion [Doc. #201] is **granted**, but does not change the court's determination that a material fact dispute exists which precludes the granting of plaintiff's motion for summary judgment.

**IT IS SO ORDERED**.

Dated this 18th day of April, 2013.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE